IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT OVENS,<br><br>    Petitioner,<br><br> v.<br><br>G.R. JOHNSON, Warden, and JOSEPH<br>R. BIDEN, III, Attorney General<br>of the State of Delaware,<br><br>    Respondents. | :<br>:<br>:<br>:<br>:<br>: Civ. Act. No. 10-636-LPS<br>:<br>:<br>:<br>:<br>:<br>: |

Robert Ovens. *Pro se* Petitioner.

James T. Wakley, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

September 13, 2011
Wilmington, Delaware

**STARK, U.S. District Judge**:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Robert Ovens ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition without prejudice for failure to exhaust state remedies.

## BACKGROUND

Petitioner was arrested on May 11, 2010. (D.I. 17) Thereafter, on December 16, 2010, Petitioner pled guilty to second degree burglary and theft. (D.I. 19, Del. Super. Ct. Crim. Dkt. Entry No. 19) The Superior Court immediately sentenced him to ten (10) years of incarceration, suspended after one year (1) for a period of probation. (D.I. 17) Petitioner did not appeal his conviction or sentence. *Id.*

Petitioner filed the instant Petition on July 23, 2010, prior to entering his plea agreement. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed without prejudice for failure to exhaust state remedies. (D.I. 17)

## GOVERNING LEGAL PRINCIPLES

### The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards

1

for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

**Exhaustion of State Remedies**

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134

2

F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).

Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he has the right under the law of the state to raise, by any available procedure, the question presented. *See generally O'Sullivan*, 526 U.S. 838. Consequently, if a petitioner presents a federal court with a federal habeas application consisting entirely of unexhausted claims, and further review of those claims is still available in the state courts, the federal court will ordinarily dismiss the habeas application without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. *See Rose*, 455 U.S. at 519-22; *Waples v. Phelps*, 2008 WL 1743400, at *2 (D. Del. Apr. 16, 2008).

## **DISCUSSION**

The Petition's sole claim asserts that the Delaware Superior Court lacked personal jurisdiction to try Petitioner because he is a "Delaware national" and not citizen of the United States subject to the criminal jurisdiction of the Delaware courts. Assuming this claim presents an issue cognizable on federal habeas review, Petitioner is not entitled to habeas relief. Petitioner has failed to exhaust state remedies for his claim because he did not appeal his conviction and sentence to the Delaware Supreme Court and he has not pursued any further collateral review in the Delaware State Courts. (D.I. 17)

While the time for filing a direct appeal from his conviction and sentence to the Delaware

Supreme Court has passed,[1] Petitioner can still pursue state remedies by filing a Rule 61 motion for post-conviction relief in the Delaware Superior Court. *See* Del. Super. Ct. Crim. R. 61(i). Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claims,[2] it does not appear that further state review is clearly foreclosed in this case. For instance, a Rule 61 motion would not be time-barred because one year has not yet passed from the date on which Petitioner's conviction became final.[3] *See* Del. Super. Ct. Crim. R. 61(i)(1) (imposing one-year filing deadline from date on which petitioner's conviction became final). The bars contained in Rule 61(i)(2) and (4) also would not apply to the instant claim because Petitioner did not file a direct appeal or a previous Rule 61 motion. *See* Del. Super. Ct. Crim. R. 61(i)(2), (4); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989). Although Petitioner's failure to present his sole claim on direct appeal may cause that claim to be procedurally defaulted under Rule 61(i)(3), there is the possibility that this procedural default can be avoided through Rule 61(i)(5)'s miscarriage of justice provision. *See* Del. Super. Ct. Crim. R. 61(i)(5); *see also Zebroski v. State*, 12 A.3d 1115 (Del. 2010) (remanding case to Superior Court to consider whether further review of defendant's procedurally barred claims was required under "miscarriage of justice" exception contained in Rule 61(i)(5)). Given this possibility, and the absence of any other indication that a Rule 61 motion would not be accepted

---

[1]Del. Supr. Ct. R. 6(a)(ii).

[2]*See Younger v. State*, 580 A.2d 552, 554 (Del. 1990); *McNeil v. Snyder*, 2002 WL 202100, at *5 (D. Del. Feb. 8, 2002).

[3]Because Petitioner did not appeal his convictions or sentence, his convictions became final on February 27, 2011, thirty (30) days after the Superior Court imposed sentence. Del. Super. Ct. Crim. R. 61(m)(1). Therefore, Petitioner has until February 27, 2012 to timely file a Rule 61 motion. (D.I. 17)

by the Delaware Superior Court if promptly and properly pursued by Petitioner, the Court finds that further state court post-conviction review of Petitioner's claim is not clearly foreclosed. *See Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993).

In turn, should the Superior Court deny a Rule 61 motion filed by Petitioner, Petitioner can satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) by appealing the adverse decision to the Delaware Supreme Court. Accordingly, the Court will dismiss the Petition without prejudice for failure to exhaust state court remedies.[4]

## CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition must be dismissed due to Petitioner's failure to

---

[4]Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Acting *pro se*, Petitioner is responsible for determining the events that trigger and toll the AEDPA's limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.

exhaust state court remedies. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**. The Court also declines to issue a certificate of appealability. An appropriate Order will be entered.